# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | 3:CR-20-108 |
| v. | : | (JUDGE MANNION) |
| **ANTHONY QUAMAINE BROWN,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

Presently before the court is the Motion for Severance, (Doc. 339), filed by defendant Anthony Quamaine Brown, a/k/a "BX", through his counsel. Brown is charged in a second superseding indictment, (Doc. 392), with one count of conspiracy to distribute controlled substances, i.e., heroin, cocaine, fentanyl, cocaine base ("crack"), and tramadol, Count 1, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A) and (B).[1] On April 9, 2021, Brown filed his motion for severance pursuant to Fed.R.Crim.P. 8 and 14, and he seeks the court to sever his trial from his three remaining co-defendants, who are all allegedly part of the same drug trafficking conspiracy as Brown, and who are all currently scheduled to jointly go

---

[1] In Count 1, (Doc. 392 at 3), it is alleged that the amount of controlled substances involved in the drug trafficking conspiracy attributable to Brown, is as follows:
> 1 kilogram and more of a mixture and substance containing a detectable amount of heroin; and 40 grams and more of a mixture and substance containing a detectable amount of fentanyl.

to trial. Brown alleges that he will be unduly prejudiced for several reasons if his trial is not severed from his co-defendants.

Brown's pending motion has been fully briefed, and is now ripe for disposition. Based on the following, defendant Brown's motion for severance, **(Doc. 339)**, will be **DENIED**, and he will be tried jointly with his three co-defendants.

I. **FACTUAL AND PROCEDURAL HISTORY**[2]

Brown has three remaining co-defendants in this case who are scheduled to jointly go to trial August 16, 2021, namely, Tysheen Gott, Robert Thompson, and Damien Navarro.

On April 9, 2021, Brown filed his brief in support of his motion for severance. (Doc. 341). After being granted an extension of time, the government filed its brief in opposition to Brown's motion to sever his trial on May 24, 2021. (Doc. 410). Brown did not file a reply brief regarding his motion for severance and the time within which it was due has expired.

---

[2] Since the court stated the factual background of this case in its July 2, 2021 Memorandum denying Thompson's motion to suppress wiretap evidence, it is not fully repeated herein.(*See also* Doc. 407 at 1-4).

2

## II. LEGAL STANDARD FOR MOTION TO SEVER

The purposes of Rules 8(b) and 14 are "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131 n. 6, 88 S.Ct. 1620 (1968). Federal Rule of Criminal Procedure 8 addresses the joinder of offenses and defendants and provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The court in U.S. v. Adens, 2015 WL 894205, *1 (E.D. Pa. Feb. 27, 2015), stated "[w]hen multiple defendants are charged in a single case, as here, Rule 8(b) governs both the proper joinder of defendants and the proper joinder of offenses." (citing United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003)).

The court in U.S. v. Mayhams, 2018 WL 6524394, *4 (M.D. Pa. Dec. 12, 2018), discussed Rule 8(b) and explained:

3

Rule 8(b) embodies the "the fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005) (quoting Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L.Ed. 2d 317 (1993) (alteration in original)). Under Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a multiple-defendant trial is proper." United States v. Jimenez, 513 F.3d 62, 82-83 (3d Cir. 2008) (citing Fed. R. Crim. P. 8(b); Irizarry, 341 F.3d at 287 n.4). Nevertheless, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." Irizarry, 341 F.3d at 289 n. 5 (quoting United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988)).

However, [i]f joinder is improper under Rule 8, "the Court must order separate trials." Adens, 2015 WL 894205, at *2 (citing United States v. Walker, 657 F.3d 160, 170 (3d Cir. 2011)) ("Rule 8 requires severance where defendants were improperly joined.").

Even if defendants are properly joined under Rule 8, "the Court may sever defendants or offenses under Rule 14 '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together.'" Id. (citing Fed.R.Crim.P. 14). Further, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the

defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. (quoting Zafiro, 506 U.S. at 539).

There is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." *Id*. (quoting United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991)). Additionally, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) 'often will suffice to cure any risk of prejudice.'" *Id*. (quoting Zafiro, 506 U.S. at 539). As such, "the appropriate question for the Court on a motion under Rule 14 is whether the jury can 'reasonably be expected to compartmentalize the evidence as it relates to the separate defendants in view of its volume and limited admissibility.'" *Id*. (quoting United States v. Serubo, 460 F.Supp. 689, 694 (E.D. Pa. 1978) ); *see also* Jones, 2016 WL 3067010, *26 ("Rule 14 provides the court discretion to order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires, if joinder of offenses appears to prejudice either the defendant or the government.") (citations omitted).

### III. DISCUSSION

The court will first consider whether joinder of the four remaining defendants is proper under Rule 8(b). Since multiple defendants are charged in the present case, the stricter standard of Rule 8(b), rather than the more permissive standard

5

of Rule 8(a), governs Brown's challenge to the joinder of defendants in a single trial. *See* Irizarry, 341 F.3d at 287; *see also* U.S. v. Green, 563 Fed.Appx. 913, 916 (3d Cir. 2014) ("In multi-defendant cases, we have held 'the tests for joinder of counts and defendants is merged in Rule 8(b)'") (citation omitted). In Green, *id.*, the Third Circuit stated, "[t]o satisfy Rule 8(b)," "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions.'" (quoting United States v. Jimenez, 513 F.3d 62, 82-83 (3d Cir. 2008)).

Here, since all four remaining co-defendants are charged in Count 1 of the second superseding indictment, (Doc. 392), with conspiracy to distribute controlled substances, i.e., heroin, cocaine, fentanyl, cocaine base ("crack"), and tramadol, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A) and (B), over the same time period, i.e., from in or about 2013, to on or about June 2, 2020, this weighs in favor of trying the defendants jointly. Further, the allegations in this drug trafficking conspiracy count regarding their manner, means, and overt acts joins these co-defendants. Also, as part of the conspiracy, the second superseding indictment specifically alleges that Brown is responsible for the possession with intent to distribute and distribution of 1 kilogram and more of heroin, and 40 grams and more of fentanyl. Since the second superseding indictment shows that the stated

count against Brown and his co-defendants is all part of the same drug trafficking conspiracy scheme, the four remaining defendants are properly joined for trial under Rule 8(b). *See* Walker, 657 F.3d at 170; Mayhams, 2018 WL 6524394, *4 ("The Third Circuit observed in *Eufrasio* that Rule 8(b) expressly authorizes joinder of different substantive offenses under the umbrella of a single conspiracy charge.") (citing Eufrasio, 935 F.2d at 567). "Indeed, joinder of such coconspirators in a single charging document is encouraged, as the claim of conspiracy provides the requisite common link among defendants." Mayhams, 2018 WL 6524394, *4 (internal quotations and citations omitted).

As the court stated in United States v. Tutis, 167 F.Supp.3d 683, 693 (D. N.J. 2016), "any prejudice from a joint trial would be minimal, particularly because the Indictment alleges that Defendant [ ] and his co-defendants [ ] engaged in a single drug-trafficking conspiracy." The Tutis court pointed out that "acts committed by one co-conspirator in furtherance of the conspiracy become admissible against all co-conspirators." *Id*. (citations omitted). As such, "acts committed by one [co-conspirator] in furtherance of the conspiracy were admissible against the other [co-conspirators]." United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001).

Thus, the court finds that Brown and his three co-defendants can be tried together under Rule 8(b). *See* Mayhams, *supra*. *See also* United States v. Thompson, 219 F.Supp.3d 502, 507 (M.D. Pa. 2016) ("A conspiracy charge

7

'provides a common link and demonstrates the existence of a common plan' for purposes of Rule 8(b).") (citation omitted).

The court will now consider if Brown is entitled to severance under Rule 14. "Even though joinder was proper under Rule 8(b), severance may still be granted pursuant to Federal Rule of Criminal Procedure 14 if the potential prejudice outweighs the expense and time of separate trials that essentially retry the same issue." Mayhams, 2018 WL 6524394, *4 (citation omitted).

"To establish a violation of Rule 14, a defendant must show that the 'denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial.'" U.S. v. Staton, 605 Fed.Appx. 110, 114 (3d Cir. 2015) (citation omitted). "A court should therefore grant a severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id*. (citing Zafiro v. United States, 506 U.S. 534, 539–40, 113 S.Ct. 933 (1993)). Further, mere speculation and generalized allegations of prejudice by the defendant are insufficient. *Id*.

In his motion to sever, Brown raises the following three reasons why he contends his trial should be severed from his co-defendants: (1) he may be denied access to the exculpatory testimony of his co-defendants; (2) the jury is likely to

find him guilty by association with his co-defendants; and (3) there may be Bruton problems with statements made by his co-defendants.

Brown simply speculates, without further elaboration or citation to anything for support, that his co-defendants "may offer testimony for [him] at a separate trial but will likely assert the Fifth Amendment right to remain silent in a joint trial." (Doc. 341 at 2). Brown's unsubstantiated claim fails to meet his heavy burden of establishing a clear and substantial prejudice from a joint trial. "[B]are assertions that co-defendants will testify are insufficient to warrant separate trials." United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005). In Davis, the Court indicated that four factors must be considered when a defendant seeks a severance based on his claim that his co-defendants may provide exculpatory testimony at trial, namely: "(1) the likelihood of co-defendant's testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; and (4) judicial economy." *Id.* at 182-83. Additionally, the Court "held that a defendant's claim that his co-defendants would testify on his behalf must be supported by the record, and the record must show more than simply the defendant's request for declaration of [his co-defendants'] intent to testify." *Id.*

Brown argues that if he is jointly tried with his co-defendants, it may deprive him of obtaining exculpatory testimony from a co-defendant. However, as the

9

government points out, (Doc. 410 at 9), "[i]t is likely that Brown has no idea who will testify against him and certainly has not definitively alleged that any of his co-conspirators will testify on his behalf, which is a highly unlikely and speculative assertion." Also, as the government points out, "Brown does not identify even one co-conspirator who he intends to call to testify on his behalf, nor does Brown commit to testifying on his own behalf or for anyone else at any trial, joint or separate." (Id. at 10-11). Further, Brown has not provided an affidavit or any other evidence indicating that any of his co-defendants intend to testify, and he does not even specify the nature of any co-defendants' alleged testimony and how such testimony would be exculpatory in nature. As the court stated in [Thompson, 219 F.Supp. 3d at 514-15](), "[the defendant] provides no basis to believe any co-defendants would testify, how such testimony would exculpate him, whether the witnesses could be impeached, and why separate trials is not at odds with the interests of judicial economy." Thus, Brown's unsubstantiated claim of testimonial prejudice is not sufficient to support his request for severance. *Id*.

Moreover, as the government, (Doc. 410 at 8-9), explains in its brief:

Instantly, there is no prejudice that will result from trying all defendants in the same proceeding. As of this date, only four defendants remain who intend to proceed to trial. All seven [other] remaining defendants have agreed to plead guilty to their role in the conspiracy. A review of the Second Superseding Indictment and the discovery, particularly the wiretap evidence, shows how the drug trafficking activities of Brown and others are inter-connected conspiratorial activities. Testimony from cooperating witnesses will complete the inter-connected conspiratorial activities where wiretap evidence requires

explanation. That some of the co-conspirators engaged in the criminal conduct to a lesser or greater extent, does not provide a basis to unravel an otherwise seamless account of the inter-connected conspiratorial activities.

Further, the government, (Id. at 9), states that "when dealing with conspiracies, not all conspirators need to know the identities of their co-conspirators or engage in the same conduct at the same time as others", "[n]or does the Government need to prove that each defendant knew all of the conspiracy's details, goals, or other participants or that fellow conspirators may doubt the conduct of a co-conspirator."

The government also responds to Brown's contention that he will be prejudiced if the jury hears evidence about "his co-conspirators' involvement in the inter-connected criminal conspiracy", (Id. at 10), and states:

> The evidence will show, [], that Brown was an intricate part of a large conspiracy; that he was tasked with carrying out a specific role in order to achieve the objectives of the conspiracy; and that he shared the overall objectives of the conspiracy. He is not charged as an isolated drug dealer. While it is true that Brown sold drugs to a select group of his own customers who will testify on behalf of the Government, Brown's larger role in the conspiracy was to expand its geographic location, particularly into Ohio and North Carolina. He shared that plan with his co-conspirators and worked that plan with the assistance of his co-conspirators. That unified effort is properly evidenced jointly at trial with cooperators and wiretap evidence.

Thus, the government indicates that a lot of the evidence at trial will be introduced to prove the existence of the charged drug trafficking conspiracy between Brown and his three co-defendants, and that the jury, if they so decide,

11

can attribute some or all of that evidence to all defendants charged in the drug trafficking conspiracy.

The court finds that the reasons offered by Brown do not warrant severance of his trial from his co-defendants. The court finds that Brown has failed to satisfy the "heavy burden" to show that he is entitled to a separate trial. He has also failed to "pinpoint clear and substantial prejudice" from the joinder of his trial with his three co-defendants. United States v. Thompson, 219 F.Supp.3d at 507 (citation omitted).

At best, Brown has only shown that "severance [may increase] [his] chances of acquittal" which is not sufficient. McGlory, 968 F.2d at 340. In Staton, 605 Fed.Appx. at 115, the court stated that "a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." (quoting Lore, 430 F.3d at 205). Nor has Brown made a showing that the jury will not be able to compartmentalize any evidence against him regarding the drug trafficking charge he faces. *See id.* Additionally, the court will instruct the jury to "separately consider the evidence against each defendant on each of the offenses charged" and, it will tell the jury that its "decision on any one defendant or any one offense ... should not influence [its] decision on any of the other defendants or offenses." *Id*. As the Third Circuit stated, *id.*, "[j]urors are presumed to follow [the court's] instructions." (citation

omitted). *See* Zafiro, 506 U.S. at 538-39 ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")).³

Finally, insofar as Brown argues that he should be granted a separate trial based on the Confrontation Clause, he has not specified any incriminating statements made by a co-defendant that may be used against him. At the outset, since Brown "presents nothing more than speculation about potential *Bruton* issues, [] that does not provide a reason for severance." Mayhams, 2018 WL 6524394, *6. Thus, "[a]s this matter presently stands ... there is no *Bruton* issue and therefore no reason to grant a severance pursuant to *Bruton*." *Id*. (citation omitted).

---

³The court will also give the jury Third Circuit Model Jury Instruction §3.15, Separate Consideration: Multiple Defendants Charged With Different Offenses, in order to reduce any prejudice to Brown and his co-defendants. Additionally, the court will give the jury detailed instructions regarding a conspiracy as charged in Count 1 of the second superseding indictment in this case, such as Third Circuit Model Criminal Jury Instructions, §6.18.371C, §6.18.371D (Membership in the Agreement: The government need not prove that a defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning, and the government does not have to prove that the defendant played a major or substantial role in the conspiracy.), §6.18.371E, §6.18.371G, §6.18.371I, and §6.18.371K (The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.).

"In Bruton v. United States, 391 U.S. 123-24, 88 S.Ct. 1620 (1968), the Supreme Court held that the introduction of a non-testifying defendant's out-of-court statement, which directly implicated his co-defendant by name, violated the Confrontation Clause right of the co-defendant." U.S. v. McLaughlin, 2013 WL 996266, *5 (M.D. Pa. March 13, 2013). As mentioned, Brown does not appear to be certain if a *Bruton* problem exists in this case.

Nonetheless, the government, (Doc. 410 at 12 n. 1), notes:

In this case, the defendant Thompson provided a recorded confession at his arrest that primarily involved his own criminal activities but to some extent, he implicated other members of the conspiracy, including Brown. Of course, if defendant Thompson testifies at trial, then his entire statement may come into evidence. His co-defendants' confrontation rights would not be implicated, because their attorneys will have the opportunity to test the credibility of Thompson's statement on cross-examination, thereby dispelling any prejudice.

While "a *Bruton* violation can occur if a statement is admitted into evidence at trial that on its face incriminates the objecting defendant", McLaughlin, 2013 WL 996266, *8 (citation omitted), here, Brown fails to identify any such statement. Additionally, if any co-defendant, such as Thompson, testifies against Brown, Brown will have his 6th Amendment right of confrontation since he will be able to cross-exam the co-defendant at trial.

The government recognizes that if Thompson does not testify at trial, "[a]ny testimonial statement of a co-defendant that implicates the *Bruton* rule that is offered during trial can be and will be redacted to comply with *Bruton*." (Id. at 13).

14

Indeed, in U.S. v. Bhimani, 492 F.Supp.3d 376 (M.D. Pa. 2020), the court considered the government's motion *in limine* to allow the post-arrest statements one defendant made that implicated his co-defendants. The defendants opposed the motion and argued that they would be prevented from confronting their co-defendant in violation of the Sixth Amendment and the Supreme Court's decisions in Bruton v. United States, and Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004). The court in Bhimani, *id*. at 385, stated, "the Supreme Court subsequent to Bruton clarified that the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction and redaction of the co-defendant's statement." (citing McLaughlin, 2013 WL 996266, *3 .

The court in Bhimani also held that the co-defendant's post-arrest statements to the TFO's during his interrogation were testimonial in nature. *Id.* at 386 (citing Crawford, 541 U.S. at 52, 68, 124 S.Ct. 1354 (holding that statements to police interrogator are testimonial); U.S. v. Campbell, 507 Fed.Appx. 150, 154 (3d Cir. 2012) (defendant's statements could be "considered testimonial if they were 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'")). As such, Thompson's post-arrest statements to agents in this case would appear to be testimonial in nature.

15

In short, the court will require the government to provide any statement of Brown's co-defendants before it seeks to admit such statement at trial so that the court will be able to review the statement and determine whether it can be redacted or whether it is inadmissible. "Under these circumstances, any potential prejudice [to Brown] arising from a joint trial will be alleviated." Mayhams, 2018 WL 6524394, *6.

Therefore, in balancing "the potential prejudice to the defendant [Brown] against the advantages of joinder in terms of judicial economy", which the court must do, Tutis, 167 F.Supp.3d at 692, the court finds that a joint trial for all four remaining defendants is appropriate. In fact, as the government notes, "even if Brown's case was severed, much of the evidence of his co-defendants' drug trafficking activities would still be admissible during a severed trial", including "many of the intercepted [wiretap] communications of co-defendants that implicate Brown [which] would be admissible statements against interest under Federal Rule of Evidence 804(b)(3) and co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E)." (Doc. 410 at 2-3). No doubt that, "[a]cts and statements of co-conspirators in furtherance of the charged conspiracy are admissible even against a single, severed defendant at trial, if the government satisfies Fed.R.Evid. 801(d)(2)(E) by proffering evidence of the existence of the conspiracy and the defendant's knowing membership in it." Tutis, 167 F.Supp. 3d at 693. Thus, "even

16

if the Court granted severance, much, if not all, of the evidence concerning [Brown's] alleged conspirators could still be presented as against him." *Id*. (citation omitted); *see also* McLaughlin, 2013 WL 996266, *8 ("Public interest in judicial economy favors joint trials where, [as here], the same evidence would otherwise be presented at separate trials of defendants charged with a single conspiracy.") (quoting Johnson v. Tennis, 549 F.3d 296, 302 (3d Cir. 2008)).

### IV. CONCLUSION

For the aforementioned reasons, Defendant Brown's motion for severance of his trial from his three co-defendants, **(Doc. 339)**, is **DENIED**. Brown will be tried jointly with his three remaining co-defendants on August 16, 2021. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**Dated: July 2, 2021**
20-108-04