# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **3:CR-20-108**

**v.**     :     **(JUDGE MANNION)**

**ANTHONY QUAMAINE BROWN,**     :

      **Defendant**     :

## M E M O R A N D U M

Presently before the court is the Motion to Compel Discovery under Fed.R.Crim.P. 16, (Doc. 342), filed by defendant Anthony Quamaine Brown, a/k/a "BX", through his counsel. Brown is charged in a second superseding indictment, (Doc. 392), with one count of conspiracy to distribute controlled substances, i.e., heroin, cocaine, fentanyl, cocaine base ("crack"), and tramadol, Count 1, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A) and (B).[1]

Brown filed his motion to compel on April 9, 2021. (Doc. 342). Although Brown did not file a brief in support of his discovery motion, the basis for the motion is sufficiently stated therein. On May 24, 2021, the government filed its brief in opposition to Brown's discovery motion. (Doc. 408). After being granted an

---

[1] In Count 1, (Doc. 392 at 3), it is alleged that the amount of controlled substances involved in the drug trafficking conspiracy attributable to Brown, is as follows:

> 1 kilogram and more of a mixture and substance containing a detectable amount of heroin; and 40 grams and more of a mixture and substance containing a detectable amount of fentanyl.

extension of time, Brown filed a reply brief in support of his motion to compel on June 17, 2021. (Doc. 447). Thus, Brown's pending motion has been briefed, and it is now ripe for disposition.

Based on the following, defendant Brown's motion to compel will be **GRANTED IN PART** and **DENIED IN PART**.

### I.     FACTUAL AND PROCEDURAL HISTORY[2]

Brown has three remaining co-defendants in this case who are scheduled to jointly go to trial August 16, 2021, namely, Tysheen Gott, Robert Thompson, and Damien Navarro.

In his motion to compel under Rule 16, Brown states that the only evidence he was provided by the government through discovery linking him to the drug trafficking conspiracy charged in the indictment is all based on information obtained from the wiretap on "Thompson Target Phone 1." He then states that he made five specific requests for additional discovery to the government on March 23, 2021, but he claims the government failed to individually respond to each one of them and failed to "particularize[] any reason why the information [he] requested

---

[2]Since the court stated the factual background of this case in its July 2, 2021 Memorandum denying Thompson's motion to suppress wiretap evidence, it is not fully repeated herein. (*See also* Doc. 407 at 1-4).

[] should not be supplied….” The specific discovery requests are detailed in Brown's motion, as well as in his reply brief, and are not repeated herein. (*See* Doc. 342 at 3; Doc. 447 at 1-2).

## II. DISCUSSION

In his motion to compel discovery, Brown alleges that the only information he received from the government pertained to the wiretaps which the court approved for the cell phones of Gott and Thompson. The government responds that it has provided Brown with "the entirety of every intercepted cell phone call and text message that were captured during any period of interception, which includes thousands of wire and electronic communications collected as a result of the Court approved wiretaps over the cell phones of Tysheen Gott, [], and Robert Thompson, [].” Additionally, the government indicates that it gave Brown all of the wiretap affidavits, as well as the master search warrant affidavit, which it contends "collectively provides the full import of the overall conspiracy, including the defendant's role in that conspiracy.” The government also represents that it has "provided or made available [to the defendants] for inspection thousands of photographs, pole camera videos, cell phone data, evidence related to all controlled purchases, and all laboratory reports”, and that it will "continue to provide Rule 16 discovery as it is acquired.” As such, the government represents

that it "has complied with its discovery obligations under Rule 16 and will continue to do so." The government asserts that the additional information which Brown seeks in his motion to compel is tantamount to a request for the government to "interpret and/or organize and/or identify confidential sources [which the government is not required to do] and/or provide Jencks material, which is not discoverable at this time." The government also contends that Rule 16 does not require it to disclose the names of its witnesses prior to trial. (Doc. 408, at 1-3).

Briefly, as a backdrop, the following occurred, (*see* Doc. 407 at 3-4), with respect to the wiretaps referenced in Brown's instant motion:

> On February 28, 2020, [allegedly] upon presentation of the fruits of the ongoing investigation, th[is] Court approved a thirty-day wiretap for electronic interception over "Gott Target Phone 1." [*See* 3:20-mc-159, Doc. 3, Filed Under Seal]. Interception of electronic communications over "Gott Target Phone 1" commenced on February 28, 2020 and was sealed on April 1, 2020. [That is, this court granted the government 30-days authorization to intercept wire and electronic communications regarding Sprint wireless cellular telephone (570) 235-0591 belonging to Gott.]
>
> On March 18, 2020, th[is] Court authorized a thirty-day wiretap for wire and electronic communications over "Gott Target Phone 2." (*See* Misc. No. 20-159-11 [3:20-mc-159, Doc. 11], Filed Under Seal). Interception of wire and electronic communications over "Gott Target Phone 2" commenced on March 18, 2020 and was sealed on April 22, 2020. [That is, this court granted the government 30-days authorization to intercept wire and electronic communications regarding Sprint wireless cellular telephone (570) 235-8250 belonging to Gott.]
>
> On April 7, 2020, th[is] Court authorized a thirty-day wiretap for wire and electronic communications on a cellular device utilized by Robert Thompson and identified as "Thompson Target Phone 1." Interception of wire and electronic communications over "Thompson Target Phone 1" commenced

on April 7, 2020 and was set to terminate on May 6, 2020. (*See* Misc. No. 20-159-23, [3:20-mc-159, Doc. 23], Filed Under Seal). On May 6, 2020, th[is] Court authorized a thirty-day extension to continue the interception of wire and electronic communications over "Thompson Target Phone 1," which was set to terminate on June 4, 2020. [That is, this court granted the government 30-days authorization to intercept wire and electronic communications regarding AT&T wireless cellular telephone (862) 867-9840 belonging to Thompson.][3]

In his prior brief in support of his suppression motion, (Doc. 351 at 3), Brown stated that "in the [June 1, 2020] master affidavit [of probable cause] for search warrant [of TFO Shane Yelland for "Thompson Target Phone 1"], the government made reference to calls and texts it asserts are between [Brown] and [Thompson]", and that these exchanges were on April 8 through 11, 2020. Brown states that in the master affidavit, Yelland claimed that he was only linked to McPhillips and Thompson.

Brown also stated that Yelland averred in his master affidavit that he did not discover Brown's alleged involvement in the case until April 4, 2020, through an interview with CW#2 and the references made to "Anthony". (*See* search warrant Master Affidavit, 3:20-mc-312, Doc. 12 at 55).[4]

---

[3]As the court previously noted, Brown's recitation of the facts in his brief, (Doc. 351 at 2-4), were substantially the same as the above facts recited by the government in its opposition brief regarding this court's authorizations for the wiretaps on Gott's and Thompson's cell phones. *See also* 3:20-mc-159, 3:20-mc-312.

[4]In its July 2, 2021 Memorandum denying Brown's suppression motion, the court did not find Brown's above stated recitation of the facts as accurate. *See also* 3:20-mc-159, 3:20-mc-312. Thus, to the extent that Brown now moves to compel

Brown does not dispute the government's contention that it has already provided him with voluminous amounts of wire and electronic communications collected from the wiretaps over Gott's and Thompson's cells phones, as well as the supporting affidavits and Yelland's 101-page master affidavit in support of search warrants. (*See* 3:20-mc-312, Doc. 12). Yet Brown contends that he is entitled to even more information from the government at this time under Rule 16, and that he is entitled to specific responses to each one of his five discovery requests.

In U.S. v. Yawson, 2014 WL 3401663, *1 (W.D. Pa. July 10, 2014), the court stated:

> Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act and materials available pursuant to the "*Brady* doctrine." *Id*.

Initially, insofar as Brown requests the court to "analyze each specific item [he] requested [from the government]", and basically determine if the voluminous

the government to provide him with additional information to support his motion to suppress, this is no longer an issue. Also, to the extent that Brown raises arguments in his reply brief in support of his motion to compel that he raised in his suppression motion, the court has already found no merit to those arguments when it denied his latter motion and it will not repeat its discussion of them herein.

information which the government has already provided to him contains the specific answers to each one of his five discovery requests, the court will not perform this task which is the responsibility of his counsel. For example, Brown's first discovery request at issue asks whether there are any other confidential informants in addition to CW#2 that have given information about him or who are expected to testify at trial. The answer to this question, as well as the answers to the other requests, lies in the documents which Brown has already been provided by the government and it is not the court's task to ferret out the relevant information for Brown's counsel. (*See* documents provided Brown docketed in 3:20-mc-159 and 3:20-mc-312).

However, the court will **GRANT IN PART** defendant Brown's motion for full discovery under Rule 16 and direct the government to immediately provide him with all material to which he is entitled under Rule 16 if it has not already done so. For example, there is no dispute that the government has provided Brown with videos obtained from pole cameras, but the government is required to provide Brown with any other surveillance of him that has not yet been given to him. *See* U.S. v. Taylor, 2018 1960669, *3-4 (M.D. Pa. April 26, 2018) (the court noted that "as part of its continuing duty under Rule 16, the government [] provided the remaining defendants with additional discovery materials, including the names and partial names, with addresses and other contact information redacted, of several

7

persons who may possess relevant information pertaining to the charges against the defendants.").

Next, insofar as Brown requests the statements made by co-conspirators, the court finds that this information does not fall under Rule 16 discovery and thus, the government is not required to provide such statements to Brown at this time. In U.S. v. Cheatham, 500 F.Supp.2d 528, 538 (W.D. Pa. 2007), the court stated "[d]istrict courts of the Third Circuit have consistently held that Rule 16 does not provide for the discovery of a co-conspirator's statement.") (citations omitted). The court in Cheatham, *id*. at 538-39, then "agree[d] with these courts and [found] that Rule 16 does not provide for the Government's production of a co-conspirator's statements to a defendant because such statements are not the defendant's own statement under Rule 16(a)(1)(A)." *See also* Taylor, 2018 1960669, *3.

Thus, insofar as Brown's motion to compel requests information that does not come under the purview of Rule 16(a), the court will **DENY** defendant's requests for early or pre-trial disclosure, including for the statements made by co-conspirators. Rather, these requests constitute Jencks material which the government will undoubtedly provide to Brown, as well as his three co-defendants, at the appropriate time pursuant to the provisions of the Jencks Act, 18 U.S.C. §3500. Therefore, the court will only direct the government to provide any statements made by co-conspirators to all of the remaining defendants at the

proper Jencks time. *See* Taylor, 2018 1960669, \*3, \*6 (the court denied defendants' Rule 16 motions insofar as they sought pre-trial disclosure of co-conspirator statements).

Brown also appears to request that the government list all overt acts committed in furtherance of the drug trafficking conspiracy which he is charged with in the Second Superseding Indictment. The government responds that Brown is not "entitled to discover all the overt acts that might be proven at trial." (Doc. 408 at 5) (string citations omitted). It also points out that "with respect to a conspiracy prohibited by 21 U.S.C. §846, the Government need not plead or prove overt acts in furtherance of the conspiracy." (Id.) (citations omitted). No doubt that "[w]ith regard to a charged conspiracy, it is not necessary for the government to disclose the precise details of the roles the defendant and his or her co-conspirators allegedly played in forming and executing a conspiracy, or all the overt acts the government will prove at trial in establishing the conspiracy." U.S. v. Mitchell, 2013 WL 12202650, \*8 (W.D. Pa. May 6, 2013) (citations omitted). Further, "[i]t is [not] an element of 21 U.S.C. §846 ... that a defendant have committed an overt act in furtherance of the conspiracy." *Id*. at \*20 (quoting United States v. Johnstone, 856 F.2d 539, 542 (3d Cir. 1988)). "In an indictment under 21 U.S.C. §846, it is not necessary 'to allege any specific act in furtherance of the conspiracy.'" U.S. v. Curtis, 2020 WL 3898983, \*6 (M.D. Pa. July 10, 2020) (citation omitted).

Additionally, the 19-page Second Superseding Indictment contains the elements of the offenses and the applicable dates, as well as details of the offenses, including in Count 1 a "Manner and Means" section regarding the drug trafficking conspiracy charge and a list of three overt acts allegedly committed in furtherance of the conspiracy. These details provided Brown and the other three remaining defendants with sufficient information about the nature of the charges against them. The indictment also provided Brown with adequate information detailing his involvement with the charged offense in Count 1. *See* U.S. v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989), *See also* Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (citation omitted); United States v. Olatunji, 872 F.2d 1161, 1168 (3d Cir. 1989). "A conspiracy indictment need not allege every element of the underlying offense, but need only put defendants on notice that they are charged with a conspiracy to commit the underlying substantive offense." Mitchell, 2013 WL 12202650, *20 (citation omitted). *See also* United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016) ("Where the indictment provides sufficient information to place the defendant on notice of the charged criminal conduct, requests seeking the when, where and how of any overt acts are tantamount to a request for wholesale discovery of the government's evidence, and therefore properly are denied.") (internal quotation omitted).

Since the Second Superseding Indictment was sufficient and since the government provided Brown and the other remaining defendants with sufficient discovery information to prepare for trial, the court will **DENY** Brown's motion to compel to the extent that he requests a list all overt acts committed in furtherance of the drug trafficking conspiracy.

Brown also appears to request the court to compel the government to provide him with all Jencks Act material.

In Yawson, 2014 WL 3401663, *3, the court explained the Jencks Act:

> The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce "any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012).
>
> Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

Thus, "there is no authority by which th[e] court can compel the government to provide Jencks Act statements prior to the time any government witness has testified on direct examination at trial", including summaries of interviews by

agents.  *Id.*; *see also* U.S. v. Grier, 2012 WL 5614087, *5 (W.D. Pa. Nov. 15, 2012) ("The plain language of the Jencks Act, 18 U.S.C. §3500, the overwhelming precedent ..., and our court of appeals well-settled position on the matter makes clear that the Court cannot mandate disclosure prior to the day on which the witness testifies at trial."); Bangaroo, 2017 WL 3495702, *17-18.; Taylor, 2018 WL 1960669, *5.

As such, the court will **DENY** Brown's request for early disclosure of Jencks material, including any actual statements made by co-conspirators. *See* U.S. v. Cheatham, 500 F.Supp.2d 528, 538 (W.D. Pa. 2007) (the court stated "[d]istrict courts of the Third Circuit have consistently held that Rule 16 does not provide for the discovery of a co-conspirator's statement.") (citations omitted); U.S. v. Lewis, ---F.Supp.3d---, 2021 WL 65992, *9 (M.D. Pa. Jan. 7, 2021) (holding that "[the] longstanding consensus of district courts within this circuit is that statements of coconspirators are not discoverable under Rule 16."). The court will only direct the government to disclose all Jencks material, including any statements made by co-conspirators, at the appropriate time in accordance with the Act, as specified above.

To the extent Brown is deemed as requesting the court to order the government to provide him with a witness list and information about all persons who were interviewed by the government, his request will be denied. "[I]t is firmly

established that the government is under no obligation to divulge the identity of its witnesses in a noncapital case." <u>Lewis</u>, ---F.Supp.3d---, 2021 WL 65992, *9 (internal quotations and citations omitted). Here, as in <u>Lewis</u>, Brown has "fail[ed] to articulate a compelling need for immediate identification of witnesses other than a generalized desire to learn more about the government's case", and as such, the court will deny his request for "a list of prospective government witnesses." *Id*. at *10.

Further, insofar as Brown seeks the court to compel the government to identify all confidential informants upon which it relied, in addition to CW#2, "[i]f a defendant sets forth a specific need for disclosure, the court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense." <u>Lewis</u>, ---F.Supp.3d---, 2021 WL 65992, *10 (internal quotations and citations omitted). *See also* <u>U.S. v. Buckner</u>, 2020 WL 211403, *2 (M.D. Pa. Jan. 12, 2020) ("Prior to engaging in the *Rovario* balancing test, the defendant has the burden of setting forth and establishing a specific need for disclosure of the identity of the confidential informant."). However, "[m]ere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity." <u>Lewis</u>, ---F.Supp.3d---, 2021 WL 65992, *10 (citations omitted). Here, Brown only claims that disclosure of the confidential informants is needed to prepare a defense but, as the government

points out, "[he] provides no substantiated reason for seeking disclosure and production of the confidential sources/informants–only speculation." (Doc. 408 at 13). Brown has failed to state a specific need for the disclosure of the identity of the confidential informants and thus his request will be denied. *See* <u>Lewis</u>, *supra*; <u>Buckner</u>, *supra* (citing, in part, *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993) ("A defendant who merely hopes (without showing a likelihood) that disclosure will lead to evidence supporting suppression has not shown that disclosure will be "relevant and helpful to the defense ... or is essential to a fair determination" of the case, *Rovario*, 353 U.S. at 60-61....").

Moreover, the government, (Id. at 13-14), has articulated "serious concerns in this case regarding the safety of confidential sources of information who have cooperated with law enforcement in this investigation", which it has summarized as follows:

> The conspiracy in this case involved illegal activity committed by members of a violent street gang involved in serious drug trafficking and the possession of firearms. The defendant is accused of participating in drug trafficking while he was on state parole for a drug trafficking crime and has previously engaged in assaultive behavior toward one or more of the Government's witnesses. [Brown] was on parole at the time he engaged in the instant offenses and knows full well that the rest of his life will be impacted by the testimony of confidential informants, sources, and cooperators. He presents an extremely dangerous situation that would be compounded if the Government was required at this stage of the case to identify and produce confidential sources of information.

Thus, the court, in its discretion, will deny Brown's request for disclosure of the identities of the confidential informants until immediately before their testimony at trial since the court finds that they face substantial danger and Brown will not be prejudiced since he can obtain information required for his defense from the numerous discovery items which the government has provided him, and is obliged to continue to provide him under Rule 16. *See* <u>Buckner</u>, 2020 WL 211403, *4 (the court has "directed the Government to provide the defendant with any <u>Rule 16</u> material which [has not yet been provided], and there is no indication that the Government will not continue to comply with Rule 16 in the future").

### IV.     CONCLUSION

For the aforementioned reasons, Defendant Brown's motion to compel discovery under Rule 16, **(Doc. 342)**, is **GRANTED IN PART** and **DENIED IN PART**. An appropriate Order follows.

<u>s/ Malachy E. Mannion</u>
**MALACHY E. MANNION**
**United States District Court**

**Dated: July 2, 2021**
20-108-05

15